**PORTER | HEDGES**

**Amy K. Wolfshohl**
Partner
(713) 226-6613 Phone
(713) 226-6213 Fax
awolfshohl@porterhedges.com

1000 Main Street, 36th Floor
Houston, Texas 77002-6341
(713) 226-6000 Main
porterhedges.com

February 27, 2025

Re: Civil Action No. 3:24-cv-00156, *Primoris Energy Services Corporation v. Air Products and Chemicals, Inc.*, In the US District Court, Southern District of Texas, Galveston Division - Joint Letter re: Dispute Regarding Extension of Expert Designation Deadlines

Respectfully submitted,

**PORTER HEDGES LLP**

By:/s/ *Amy K. Wolfshohl*
Amy K. Wolfshohl (*Attorney-in-charge*)
State Bar No. 24055880
Federal Bar No. 808461
Email: awolfshohl@porterhedges.com
Cornelius M. Sweers
State Bar No. 24102551
Federal Bar No. 3283935
Email: csweers@porterhedges.com
Lorena D. Valle
State Bar No. 24131729
Federal Bar No. 3804117
Email: lvalle@porterhedges.com
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6613 Telephone
(713) 226-6213 Facsimile

**ATTORNEYS FOR DEFENDANT
AIR PRODUCTS AND CHEMICALS,
INC. ("AP")**

**COKINOS | YOUNG**

By: /s/ *Robert J. Naudin Jr. (signed by permission)*
Gregory M. Cokinos (*Attorney-in-charge*)
gcokinos@cokinoslaw.com
Texas Bar No. 04527250
S.D. Texas Bar No. 63918
Russell W. Smith
rwsmith@cokinoslaw.com
Texas Bar No. 24060625
S.D. Texas Bar No. 1075506
Robert J. Naudin Jr.
Texas Bar No. 24053898
S.D. Texas Bar No. 872234
rnaudin@cokinoslaw.com
Laura K. Napoli-Janitens
lnapoli-janitens@cokinoslaw.com
Texas Bar No. 24098167
S.D. Texas Bar No. 3241931
1221 Lamar Street, 16th Floor
Houston, Texas 77010
Telephone: (713) 535-5500
Facsimile: (713) 535-5533

**ATTORNEYS FOR PLAINTIFF
PRIMORIS ENERGY SERVICES
CORPORATION ("PRIMORIS")**

17102849

**Joint Case Status Statement:** This dispute is related to certain mechanical construction scopes by Primoris for AP's anhydrous ammonia production facility project in Texas City (the "Project"). Primoris is asserting claims for AP's alleged breaches of contract/prompt pay.[1] [Dkt. No. 10]. AP is asserting counterclaims for Primoris' allegedly defective work and Project delays [Dkt. No. 20].

On 9/25/24, at the request of the parties, this Court entered a Docket Control Order ("DCO") [Dkt. No. 27]. In the DCO, deadlines for the filing of testifying expert designations for affirmative claims and responsive claims were 4/4/25 and 6/6/25, respectively. Dkt. No. 27 at ¶ 3-4. These dates were agreed to by both parties, who had previously submitted an agreed proposed DCO containing the same dates. Dkt. No. 22-2 at ¶ 3-4. Pursuant to the DCO, the discovery deadline is 11/14/25. Dkt. No. 27 at ¶ 5.

Due to the volume of potentially relevant documents, written discovery has proceeded slowly, requiring much negotiation between the parties.[2] Under the terms of the Agreed Protocol, the parties were to narrow the scope of discovery through the exchange of a list of custodian lists and electronic search terms by 12/2/25. Dkt. No. 28 at p. 6. Based on the schedules of counsel and the ongoing negotiations between the parties, AP and Primoris both agreed to extensions requested by the other. Initial document productions were made by both parties on 2/10-11/25.

**AP Statement:** AP served its first requests for production ("RFPs") to Primoris on 10/24/24. *See* Exhibit A, AP's First RFPs. When Primoris made its first production on 2/10/25, it advised AP that its production was responsive both to the parties' agreed search term protocol, and to AP's first RFPs. This is incorrect. Notably, Primoris' preliminary production does not include documents related to AP's RFPs No. 13-16, which are related to its affirmative claim regarding Primoris' damage to the heat exchanger in the Mech 3 area. In particular, Primoris has not produced the test reports relating to the damaged heat exchanger or photos. RFP 13 and 14. Primoris also produced less than five of its punchlists for the multi-year Project in response to AP's RFP No. 10. In response to several other of AP's RFPs, Primoris has not produced documents over large timeframes of Primoris's work on the Project.

Given the delay in document production, fact witness depositions in this case are also necessarily postponed and AP is unable to properly and fully designate its testifying experts by the current deadline of 4/4/25. AP attempted to confer with Primoris' counsel regarding an extension of expert designation deadlines, beginning on 2/19/25, by requesting a 60-day extension of expert designation deadlines for both parties seeking and resisting claims for relief. Primoris' counsel first indicated on 2/21/25 that it was opposed, "[g]iven the importance of keeping on track with our trial date." On 2/24/25, AP clarified that an extension of the trial date was not being sought, and again attempted to resolve the matter, explaining how Primoris' lack of document production impacted its ability to meet the present April 4 designation deadline. Primoris has again expressed its opposition to any offered resolution both on February 24 and 25. AP also offered to update its damage disclosures to the extent Primoris required additional information at this time.

---

[1] Primoris's additional claims for fraudulent inducement, string-along fraud, cardinal change, modification, abandonment, estoppel, and waiver were dismissed with prejudice by this Court on December 18, 2024 [Dkt. No. 36].
[2] This negotiation includes that of an Agreed Protocol Regarding Discovery and Production of Electronically Stored Information. [Dkt. No. 28] (the "Agreed Protocol") and a Joint Motion for Entry of an Agreed Protective Order [Dkt. 29, entered in Dkt. 31] in early October 2024.

17102849

Because AP has been unable to come to any agreement with Primoris, it respectfully requests that the Court order a modification to the DCO [Dkt. No. 27] as follows: all parties asserting claims for relief shall file their testifying expert designations by 6/4/25, and all parties resisting claims for relief shall file their testifying expert designations by 8/6/25. The extensions requested herein will not cause any harm and are not sought for purposes of delay. As mentioned, discovery in this case does not close until 11/14/25, and docket call for trial is set for 3/13/26. Dkt. No. 27 at ¶ 5, 9. The requested extension in expert designation deadlines will have no impact on these dates.

**Primoris Statement:** Primoris has produced over 45,000 documents in response to AP's RFP and the parties' agreed search term protocol. Production is rolling and will continue as anticipated by the parties.

AP has failed to identify why it needs all of Primoris's responsive documents, along with fact witness depositions, in order to simply designate its experts. Nothing in the DCO or the Federal Rules of Civil Procedure indicates that discovery must be substantially complete prior to the disclosure of experts. The DCO, which largely contains deadlines that were agreed between the parties, sets out that this initial expert designation deadline will occur over 7 months in advance of the end of the discovery period. It was never contemplated that discovery would need to be substantially complete in order for AP to designate its expert witnesses. Furthermore, Federal Rule of Civil Procedure 26 allows for supplementation and correction of expert reports and disclosures all the way up until the deadline for pre-trial disclosures. See Fed. R. Civ. P. 26(e)(2).

Primoris, in contrast, needs to understand the affirmative claims made against it by APCI, and the magnitude of each. Prior to even filing suit, Primoris gave AP a detailed report outlining Primoris's affirmative claims and claim values and providing substantial supporting documentation. AP has provided nothing of the sort, so Primoris's only insight into AP's claims is the general statements included in its pleadings and disclosures. Primoris cannot wait an additional 60 days for this information, and certainly cannot wait until after fact witness depositions. The expert reports are integral to the issues upon which discovery is needed. Waiting for discovery to be essentially complete before providing them is contrary to the very purpose of such reports – to disclose the experts' opinions to the opposing party. Compressing the agreed time period to conduct fulsome discovery will likely impact our ability to prepare for the trial date.

With regard to AP's specific complaints regarding Primoris's production, the very first notice they gave of their alleged issues came on Monday, 2/24/25 (two days ago). Primoris responded on 2/25/25, providing a list of bates numbers that reference the heat exchanger and committing to produce additional documents next week. Primoris will honor that commitment and will work with AP to provide them the documents they need in order to timely designate experts. However, it seems unreasonable for AP to demand that all document discovery and fact witness depositions be completed prior its designation of experts.

Furthermore, the disclosures are not due until 4/4/25, over a month from now. Primoris sees no need to extend the disclosure deadline at this time.

17102849