United States District Court
Southern District of Texas
**ENTERED**
September 03, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | |
|---|---|
| PRIMORIS ENERGY SERVICES CORPORATION, § § § | |
| Plaintiff. § | |
| § | |
| V. § | CIVIL ACTION NO. 3:24-cv-00156 |
| § | |
| AIR PRODUCTS AND CHEMICALS, INC., § § § | |
| Defendant. § | |

## OPINION AND ORDER

This lawsuit concerns the construction of an ammonia production facility developed by Air Products and Chemicals, Inc. ("APCI") in Texas City, Texas. APCI and Primoris Energy Services Corporation entered into a series of contracts by which Primoris agreed to perform various construction services at the facility. Primoris filed this lawsuit, alleging that it completed the work but was not paid. APCI has asserted counterclaims, alleging that Primoris's lack of skilled and consistent labor, quality-control personnel, and other inefficiencies led to defective work and project delays.

Pending before me is a discovery dispute. APCI has requested all versions of the Power BI dashboards or project dashboards. *See* Dkt. 40 at 2. Power BI is a data visualization software that generates visual representations of data from external sources. At the August 19, 2025 oral hearing that I held to address this discovery issue, APCI's counsel displayed a dashboard produced by Primoris in another matter. The dashboard presents information in a visually appealing format concerning a project's progress.

For a number of reasons, Primoris opposes APCI's request for the dashboards related to work performed at the facility. First, Primoris insists that "[t]he requested Dashboard is software, not a document." Dkt. 40 at 3. Primoris

argues that software is not subject to production under the Federal Rules of Civil Procedure. Second, Primoris argues that the federal rules do not require it to "generate, create, or produce a document not already in existence in the way th[at] APCI's request requires." *Id.* Third, Primoris maintains that the request is not reasonably calculated to lead to the discovery of admissible evidence. I will address each objection in turn.

Before I do that, let me briefly highlight the relevant federal rules at issue in this discovery fight. The purpose of pretrial discovery is to "make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958). For that reason, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 34 provides for the discovery of "documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or *data compilations*." Fed. R. Civ. P. 34(a)(1)(A) (emphasis added). "[C]ontrol of discovery is committed to the sound discretion of the trial court." *Van Duzer v. U.S. Bank Nat'l Ass'n*, 582 F. App'x 279, 283 (5th Cir. 2014).

Turning to Primoris's objections, I first address the argument that the requested dashboard is not a document.[1] "[A]lthough Rule 34 was amended in 1970 to add 'data compilations' to the list of discoverable documents, there was no suggestion that 'data compilations' was intended to turn all forms of 'data' into a Rule 34 'document.'" *Williams v. Sprint/United Mgmt. Co.*, 230 F.R.D. 640, 650 (D. Kan. 2005). So how do we determine whether the dashboards are a data compilation that falls within the scope of Rule 34?

---

[1] Primoris recognizes that any versions of the dashboard that exist in PDF form or hard copy are documents that must be produced under Rule 34. Noting that it "does not regularly maintain screenshots of the data visualizations generated by Power BI," Primoris objects to opening the software, generating a dashboard as of a specific date, and then producing a screenshot of that particular dashboard. Dkt. 40 at 3.

2

As explained by the Sedona Principles[2]:

> The best approach to understanding what is a document is to examine what information is readily available to the computer user in the ordinary course of business. If the employee can view the information, it should be treated as the equivalent of a paper "document." Data that can be readily compiled into viewable information, whether presented on the screen or printed on paper, is also a "document" under Rule 34. However, data used by a computer system but hidden and never revealed to the user in the ordinary course of business should not be presumptively treated as a part of the "document," although there are circumstances in which the data may be relevant and should be preserved and produced.

The Sedona Principles: Best Practices Recommendations & Principles for Addressing Electronic Document Production (Sedona Conference Working Group Series 2004), SK071 ALI-ABA 363, 405. Because the dashboards at issue contain data that is easily compiled into viewable information, the dashboards are considered documents under Rule 34.

Next, Primoris contends that, as a threshold matter, Rule 34 does not require a responding party to create documents. Although that is an accurate statement of the law,[3] there is a critical distinction between creating new documents and "requiring a party to query an existing database to produce reports for opposing parties." *Mervyn v. Atlas Van Lines, Inc.*, No. 13 C 3587, 2015 WL 12826474, at *6 (N.D. Ill. Oct. 23, 2015). While "a party should not be required to create completely new documents, that is not the same as requiring a party to query an existing dynamic database for relevant information. Courts regularly require parties to produce reports from dynamic databases." *Apple Inc. v. Samsung Elecs.*

---

[2] "Created by a leading group of judges, lawyers, and academics, the Sedona Principles are recognized as a foundational guide for courts and lawyers confronting the challenges related to e-discovery." *Salzgitter Mannesmann Int'l (USA) Inc. v. Sun Steel Co.*, No. 3:22-cv-00030, 2022 WL 3041134, at *2 n.1 (S.D. Tex. Aug. 2, 2022).

[3] *See Mir v. L-3 Commc'ns Integrated Sys., L.P.*, 319 F.R.D. 220, 227 (N.D. Tex. 2016) ("As a general matter, a party cannot invoke Rule 34(a) to require another party to create or prepare a new or previously non-existent document solely for its production.").

*Co.*, No. 12-cv-0630, 2013 WL 4426512, at *3 (N.D. Cal. Aug. 14, 2013).[4] This case law persuades me. APCI is simply asking Primoris to extract information from its computer system; APCI is not engaging in an impermissible effort to have Primoris create a new document. Accordingly, I hold that APCI's request for the dashboards is permissible under Rule 34.

Finally, Primoris complains on relevance grounds, arguing that the dashboards are "highly susceptible to manipulation" and do not provide "an accurate representation of any overall Project metrics." Dkt. 40 at 3. I am not convinced. A central issue in this case is whether APCI impacted Primoris's productivity on the project and delayed certain work. "[A] request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party." *Camoco, LLC v. Leyva*, 333 F.R.D. 603, 606 (W.D. Tex. 2019) (quotation omitted); *see also Schlagenhauf v. Holder*, 379 U.S. 104, 114–15 (1964) (The "discovery rules are to be accorded a broad and liberal treatment, to effectuate their purpose that civil trials in the federal courts no longer need be carried on in the dark." (citation modified)). APCI is unquestionably entitled to conduct discovery aimed at uncovering information related to Primoris's productivity on the project. From the record before me, it appears as if Primoris management occasionally utilizes the dashboards in its

---

[4] *See also Humphrey v. LeBlanc*, No. 20-233, 2021 WL 3560842, at *3 (M.D. La. Aug. 11, 2021) ("Case law makes clear that simply searching a database and providing the results therefrom does not require creation of a new document beyond the scope of Rule 34."); *IQVIA, Inc. v. Veeva Sys., Inc.*, No. 2:17-cv-001777, 2019 WL 6044938, at *6 (D. N.J. Nov. 14, 2019) (ordering party to generate a report containing sales information from a database is permissible under Rule 34 because it is not the same as requiring a new document to be created); *Leidel v. Coinbase, Inc.*, No. 16-81992-CIV, 2019 WL 1585137, at *2 (S.D. Fla. Apr. 12, 2019) (holding that "the Court does not view Plaintiff's [discovery request seeking production of a report from a database] as requiring Defendant to create 'new documents'"); *Dep't of Fin. v. AT&T Inc.*, 239 A.3d 541, 574 (Del. Ch. 2020) ("Querying a database and extracting or exporting information does not constitute the creation of a new document. It is how a party accesses an electronic records-keeping system in the ordinary course of business."), *aff'd*, 253 A.3d 537 (Del. 2021).

business operations. Given the low bar of relevance at the discovery stage, this is sufficient to warrant the production of the dashboards.[5]

Overall, I view APCI's request for the dashboards as:

> an effort to expediently and economically obtain from [Primoris] certain "exemplar" reports about relevant data in [Primoris]'s possession, which "exemplar" reports are easily and readily available to [Primoris]. The Court is not placing any extensive or undue burden on [Primoris], but rather is attempting to assist the parties in cooperating and collaborating with each other to move the discovery portion of this case forward. This meets the goal of Federal Rule of Civil Procedure 1 to ensure the just, speedy, and inexpensive determination of every action, and the goal of Rule 26(b)(1), which requires the production of relevant and proportional discovery.

*Leidel*, 2019 WL 1585137, at *2. Thus, Primoris is ordered to produce the dashboards that would reflect the status of the end of its work on the project.[6] To the extent APCI seeks additional dashboards for other dates, I ask the parties to confer to see if an agreement can be reached. If not, I am always available on short notice to resolve any discovery dispute.

SIGNED this  3rd  day of September 2025.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[5] I am not offering an opinion on the admissibility of the dashboards at trial. That question is left for another day. I do, however, recognize that "the scope of inquiry for the purposes of discovery is broader than the test for admissibility at trial." *United States v. Wright Motor Co.*, 536 F.2d 1090, 1095 (5th Cir. 1976).

[6] In the joint discovery dispute letter, APCI requested "(i) all the information available in the Dashboards and (ii) the Dashboards which would reflect the status of **the end** of its work on the Projects." Dkt. 40 at 2. In that same letter, Primoris "agreed to produce . . . all the underlying sources of data from Primoris's project file that were ever fed into the Power BI software." *Id.* at 3.