**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| **PRIMORIS ENERGY SERVICES CORPORATION,** | § § § | |
| **Plaintiff,** | § § § | |
| **v.** | § § | **CIVIL ACTION NO. 3:24-cv-00156** |
| **AIR PRODUCTS AND CHEMICALS, INC.,** | § § § | |
| **Defendant.** | § § | |

**AIR PRODUCTS AND CHEMICALS, INC.'S
MOTION FOR SUMMARY JUDGMENT ON
PLAINTIFF'S MECH 1, MECH 1A, AND MECH 2 CLAIMS**

This is a construction dispute between two sophisticated parties. Primoris Energy Services Corporation ("Primoris") seeks to recover damages from Air Products and Chemicals, Inc. ("Air Products") under theories of breach of contract and quantum meruit for work Primoris contends remains unpaid. Air Products disputes that anything more is owed. At issue in this lawsuit are four contracts for four scopes of work generally referred to as Mech 1, Mech 1A, Mech 2, and Mech 3. However, before filing this lawsuit, Primoris, in 2023, released all liens, claims, demands, and all liability arising out of or by reason of Mech 1, Mech 1A, and Mech 2. Accordingly, Air Products is entitled to summary judgment on Primoris's claims for damages to recover for breach of Mech 1, Mech 1A, and Mech 2 and for materials and services provided for Mech 1, Mech 1A, and Mech 2.

1

18290134

Primoris already received final payment for all work performed as part of Mech 1, Mech 1A, and Mech 2.

While fact questions require a bench trial to resolve some of the parties' cross actions for breach, other claims are ripe for summary judgment dismissal. Because there are no genuine disputes as to any material fact and Air Products is entitled to judgment as a matter of law, summary judgment should be granted on Primoris's claims to recover more for its Mech 1, Mech 1A, and Mech 2 work. Granting summary judgment will significantly streamline and shorten the bench trial later this year.

## NATURE AND STAGE OF THE PROCEEDING

Air Products removed this lawsuit to this Court in June 2024. *See* Dkt. 1. In December 2024, the Court dismissed Primoris's claims for fraudulent inducement, string-along fraud, cardinal change, modification, abandonment, estoppel, and waiver, leaving for discovery Primoris's claims for breach of contract, Prompt Payment Act violations, lien foreclosure, and quantum meruit. *See* Dkts. 35, 36.

Fact discovery closed March 30, 2026 with expert depositions to be completed by May 8, 2026. *See* Dkt. 56. The Court set a deadline of May 29, 2026 to file dispositive motions, and Docket call is set for August 28, 2026. *See id.* The case is ripe for summary judgment dismissal of claims for which no genuine issues of material fact exist.

## FACTUAL BACKGROUND

Air Products is a world-leading industrial gases company in operation for over 80 years, focused on serving energy, environmental and emerging markets. Air Products also develops, engineers, builds, owns, and operates some of the world's largest industrial gas

18290134

and carbon capture projects, supplying world-scale clean hydrogen for global transportation, industrial markets, and the energy transition. Primoris is a mechanical contractor specializing in industrial products and is based in Texas.[1]

Pertinent to this dispute is an industrial complex in Texas City, Texas. Gulf Coast Ammonia LLC ("GCA") desired to develop, build, own, and operate a world scale hydrogen and nitrogen feedstock-based ammonia production facility in Texas City.[2] GCA in 2019 contracted with Air Products to engineer, procure, and construct the ammonia production facility ("GCA EPC").[3] GCA would own the ammonia production facility constructed by Air Products, and Air Products would construct and own the hydrogen and nitrogen facilities that would provide feedstock for GCA's ammonia production.[4]

To complete the projects, Air Products contracted out different scopes of work, including with Primoris.[5] Between September 10, 2021 and April 22, 2022, Air Products and Primoris executed four separate construction agreements for work on the projects.[6]

---

[1] *See* Dkt. 33, Primoris's Answer to Air Products' First Amended Counterclaim (Dkt. 20) at ¶ 84 (admitting: "Primoris is a mechanical contractor specializing in industrial projects and is based in Texas.").

[2] Exhibit 1, Declaration of F. Martins at ¶¶ 2-3.

[3] *Id.*

[4] *Id.*

[5] *See* Dkt. 33, Primoris's Answer to Air Products' First Amended Counterclaim (Dkt. 20) at ¶ 86 (admitting: "To complete the Projects APCI contract out different scopes of work, including with Primoris.").

[6] *See id.* at ¶ 86 (admitting: "Between September 10, 2021 and April 22, 2022, APCI and Primoris executed four separate construction agreements for work on the Projects (collectively the 'Contracts').")"; Exhibit 1, Declaration of F. Martins at ¶ 4.

18290134

Each contract covered a separate mechanical package (*i.e.*, scope of work)—Mech 1, Mech 1A, Mech 2, and Mech 3 (the "Contracts").[7]

Over a year later, on June 28, 2023, Primoris certified that its work for Mech 1, Mech 1A, and Mech 2 had been completed in its entirety.[8] Primoris sought to recover the contractual retention that had been withheld from the progress payments on Mech 1, Mech 1A, and Mech 2 as final payment for Mech 1, Mech 1A, and Mech 2.[9] As part of the Retention Release Request to obtain final payment, Primoris's Project Director, Manuel Rivera signed a Release and Affidavit for Mech 1, Mech 1A, and Mech 2.[10]

---

[7] Exhibit 1, Declaration of F. Martins at ¶ 4; *see also* Dkt. 10, Primoris's First Amended Complaint at ¶ 13 (admitting that the "work was split into multiple mechanical scopes, which the parties referred to as Mech 1, Mech 1A, Mech 2, and Mech 3" and that the "parties entered into corresponding agreement for each 'Mech' scope").

Air Products and Primoris also entered a Construction Agreement for what the parties referred to Mechanical Package 6. As Primoris notes in its First Amended Complaint, the "Mech 6" contract was completed, paid for by APCI, and is not subject to this dispute. *See* Dkt. 10, Primoris's First Amended Complaint at ¶ 13 n.1. The parties also executed a commissioning contract for certain commissioning work. Primoris's claims are not predicated on that commissioning contract and the work performed thereunder. *See, e.g.*, Dkt. 10, Primoris's First Amended Complaint.

[8] Exhibit 2, Mech 1 Retention Release Request and Release and Affidavit; Exhibit 3, Mech 1A Retention Release Request and Release and Affidavit; Exhibit 4, Mech 2 Retention Release Request and Release and Affidavit; *see also* Dkt. 33, Primoris's Answer to Air Products' First Amended Counterclaim (Dkt. 20) at ¶ 112 (admitting that Primoris "completed the Mech 1 and Mech 1A contracts and requested retainage related to the same"), ¶ 113 (admitting the Primoris completed the Mech 2 contract).

[9] *Id.*

[10] *Id.*; Exhibit 5, Rivera Depo. at 37:8—40:19, 41:15—42:23, 44:2-16; Exhibit 1, Declaration of F. Martins at ¶ 13.

4

As to Mech 1, the Release and Affidavit provided that Primoris, "upon receipt of the sum of Four Million Ninety Six Thousand Seven Hundred Ninety Two and 95/100, ($4,096,792.95), which is acknowledged to constitute full and complete final payment for all work done, and all labor, materials and services furnished shall and by these presents does RELEASE AND FOREVER DISCHARGE Air Products and Chemicals, Inc., its agents, employees, representatives, successors and assigns from any and all liens, claims, demands, and all liability past, present and future of whatsoever kind or character arising out of or by reason of Air Products and Chemicals, Inc. Contract No. 4505491349, entitled Mechanical 1 Constr."[11]

Air Products paid Primoris the referenced $4,096,792.95 as the full and complete final payment for all work done, and all labor, materials and services furnished for Mech 1.[12]

---

[11] Exhibit 2, Mech 1 Retention Release Request and Release and Affidavit.

[12] *Id.*; Exhibit 5, Rivera Depo. at 41:11-14; Exhibit 1, Declaration of F. Martins at ¶ 13.

18290134

As to Mech 1A, the Release and Affidavit provided that Primoris, "upon receipt of the sum of Three Hundred Seventy Five Thousand One Hundred Ninety Three and 95/100, ($375,193.95), which is acknowledged to constitute full and complete final payment for all work done, and all labor, materials and services furnished shall and by these presents does RELEASE AND FOREVER DISCHARGE Air Products and Chemicals, Inc., its agents, employees, representatives, successors and assigns from any and all liens, claims, demands, and all liability past, present and future of whatsoever kind or character arising out of or by reason of Air Products and Chemicals, Inc. Contract No. 450562349, entitled Mechanical 1A-Asst to Heavy List[.]"[13]

**RELEASE AND AFFIDAVIT**

KNOW ALL MEN BY THESE PRESENTS, that _____ Primoris Energy Services Corp _____
(Contractor)

_____, upon receipt of the sum of

_Three Hundred Seventy Five Thousand One Hundred Ninety Three and 95/100_ , _($375,193.95)_,

which is acknowledged to constitute full and complete final payment for all work done, and all labor, materials and services furnished shall and by these presents does RELEASE AND FOREVER DISCHARGE Air Products and Chemicals, Inc., its agents, employees, representatives, successors and assigns from any and all liens, claims, demands, and all liability past, present and future of whatsoever kind or character arising out of or by reason of Air Products and Chemicals, Inc.
Contract No. 4505625349, entitled:

Mechanical 1A-Asst

to Heavy Lift

Air Products paid Primoris the referenced $375,193.95 as the full and complete final payment for all work done, and all labor, materials and services furnished for Mech 1A.[14]

---

[13] Exhibit 3, Mech 1A Retention Release Request and Release and Affidavit.

[14] *Id.*; Exhibit 5, Rivera Depo. at 41:7-10; Exhibit 1, Declaration of F. Martins at ¶ 13.

6

18290134

As to Mech 2, the Release and Affidavit provided that Primoris, "upon receipt of the sum of Two Million Sixty Four Thousand Nine Hundred Thirteen and 60/100, ($2,064,913.60), which is acknowledged to constitute full and complete final payment for all work done, and all labor, materials and services furnished shall and by these presents does RELEASE AND FOREVER DISCHARGE Air Products and Chemicals, Inc., its agents, employees, representatives, successors and assigns from any and all liens, claims, demands, and all liability past, present and future of whatsoever kind or character arising out of or by reason of Air Products and Chemicals, Inc. Contract No. 4505615483, entitled Mechanical 2 Constr[.]"[15]

Air Products paid Primoris the referenced $2,064,913.60 as the full and complete final payment for all work done, and all labor, materials and services furnished for Mech 2.[16]

---

[15] Exhibit 2, Mech 1 Retention Release Request and Release and Affidavit.

[16] *Id.*; Exhibit 5, Rivera Depo. at 44:2-9; Exhibit 1, Declaration of F. Martins at ¶ 13.

18290134

Notwithstanding the releases and final payments for Mech 1, Mech 1A, and Mech 2, Primoris filed suit and continues to assert claims related to Mech 1, Mech 1A, and Mech 2.[17]

## SUMMARY JUDGMENT STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses before trial.  Under Rule 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quotation marks omitted).

After the movant meets its initial burden, the burden shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial."  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citation omitted).  In considering a motion for summary judgment, the court must view the evidence "through the prism of the substantive evidentiary burden." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986).  All inferences to be drawn from the underlying facts must be viewed in

---

[17] Dkt. 33, Primoris's Answer to Air Products' First Amended Counterclaim (Dkt. 20) at ¶ 112 (admitting that Primoris "continues to assert claims against APCI related to Mech 1 and Mech 1A"), ¶ 113 (admitting the Primoris continues to seek additional damages related to Mech 2); *see also* Dkt. 10, Primoris's First Amended Complaint at Counts 1, 2, 3, 6.

8

the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper. *Kelley v. Price-Macemon, Inc.*, 992 F.2d 1408, 1413 (5th Cir. 1993).

## ARGUMENT AND AUTHORITIES

As to Mech 1, Mech 1A, and Mech 2, Primoris released and forever discharged Air Products "from any and all liens, claims, demands, and all liability past, present and future of whatsoever kind or character arising out of or by reason of" Mech 1, Mech 1A, and Mech 2 "upon receipt of" a certain sum of retention.[18] Primoris acknowledged that the payment of those certain sums of retention constituted "full and complete final payment for all work done, and all labor, materials and services furnished" for Mech 1, Mech 1A, and Mech 2.[19] Air Products is accordingly entitled to summary judgment on Primoris's claims to recover more for the work done and the labor, materials, and services furnished for Mech 1, Mech 1A, and Mech 2.

A release is a "contract subject to the rules of contract construction." *Vanderbilt Mortg. & Fin., Inc. v. Flores*, 692 F.3d 358, 364 (5th Cir. 2012) (citation omitted). The Court "is to determine, objectively, what an ordinary person using those words under the circumstances in which they are used would understand them to mean." *Kansas City S. Ry. Co. v. Sasol Chemicals (USA), L.L.C.*, 113 F.4th 446, 450 (5th Cir. 2024) (citation

---

[18] Exhibit 2, Mech 1 Retention Release Request and Release and Affidavit; Exhibit 3, Mech 1A Retention Release Request and Release and Affidavit; Exhibit 4, Mech 2 Retention Release Request and Release and Affidavit; *see also* Exhibit 6, Primoris Corporate Representative Depo. at 102:14—103:24.

[19] *Id.*

18290134

omitted).  The text itself "is the alpha and the omega of the interpretive process."  *Id.*  The Court should "give effect to all provisions so that none will be rendered meaningless."  *See McLane Foodservice, Inc. v. Table Rock Restaurants, L.L.C.*, 736 F.3d 375, 377-78 (5th Cir. 2013) (citation omitted); *Wood Group USA, Inc. v. Targa NGL Pipeline Co., LLC*, No. 01-21-00542-CV, 2023 WL 5280249, at *9 (Tex. App.—Houston [1st Dist.] Aug. 17, 2023, pet. denied).

A release "is an absolute bar to any right of action on the released matter" and "operates to extinguish" a "claim or cause of action as effectively as would a prior judgment between the parties[.]"  *Dresser Indus., Inc. v. Page Petroleum, Inc.*, 853 S.W.2d 505, 508 (Tex. 1993).  To be effective, the release must mention the claim to be released but can do so as part of a broad-form release.  *Keck, Mahin & Cate v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 20 S.W.3d 692, 698 (Tex. 2000) (citation omitted).  Parties are not required to "anticipate and identify each potential cause of action relating to the release's subject matter."  *Id.*  Also, "a valid release may encompass unknown claims and damages that develop in the future."  *Id.*

Here, the release plainly provides that upon receipt of the sums listed Primoris "does RELEASE AND FOREVER DISCHARGE Air Products and Chemicals, Inc., its agents, employees, representatives, successors and assigns from any and all liens, claims, demands, and all liability past, present and future of whatsoever kind or character arising out of or by reason of Air Products and Chemicals, Inc." contracts: Mech 1, Mech 1A, and

10

Mech 2.[20]  This language by its plain terms covers all of Primoris's claims in this lawsuit arising out of or by reason of Mech 1, Mech 1A, and Mech 2.  Accordingly, all of Primoris's claims for work done and labor, materials and services furnished for Mech 1, Mech 1A, and Mech 2 are barred by the release as a matter of law.  *See* Dkt. 10, First Amended Complaint at ¶¶ 13-14, 18-20, Count 1, Count 6.  These claims fall squarely within the subject matter of the release's plain language.  *See MMR Constructors, Inc. v. Dow Chem. Co.*, No. 01-19-00039-CV, 2020 WL 7062325, at *7-10 (Tex. App.—Houston [1st Dist.] Dec. 3, 2020, no pet.) (affirming summary judgment that the contractor's release extinguished its breach of contract claim); *Wood Group USA, Inc. v. Targa NGL Pipeline Co., LLC*, No. 01-21-00542-CV, 2023 WL 5280249, at *10-11 (Tex. App.—Houston [1st Dist.] Aug. 17, 2023, pet. denied) (affirming summary judgment that the contractor take nothing on its counterclaims because it had signed a broad release); *see, e.g.*, *Alfaro v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:23-CV-1642, 2024 WL 3223677, at *4 (S.D. Tex. May 22, 2024) (granting summary judgment on the plaintiff's claims because the executed release covered the claims at issue in the lawsuit).

## CONCLUSION

Primoris released all of its claims arising out of or by reason of Mech 1, Mech 1A, and Mech 2.  Accordingly, as a matter of law, Primoris cannot recover on its claims for work done and labor, materials, and services furnished for Mech 1, Mech 1A, and Mech 2.  Air Products is entitled to summary judgment on those claims.  Granting this summary

---

[20] *Id.*

11

judgment will significantly decrease the scope of trial on Primoris's affirmative claims as only claims for Mech 3 work will remain.

Dated: May 5, 2026.

**PORTER HEDGES LLP**

By:   /s/ *Amy K. Wolfshohl*
Amy K. Wolfshohl (***Attorney-in-charge***)
State Bar No. 24055880
Federal Bar No. 808461
Email: awolfshohl@porterhedges.com
Cornelius M. Sweers
State Bar No. 24102551
Federal Bar No. 3283935
Email: csweers@porterhedges.com
Lorena D. Valle
State Bar No. 24131729
Federal Bar No. 3804117
Email: lvalle@porterhedges.com
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6613 Telephone
(713) 226-6213 Facsimile

**ATTORNEYS FOR AIR PRODUCTS AND CHEMICALS, INC.**

12

18290134

13

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of this document was served on all counsel of record via this Court's electronic filing and notice system on May 5, 2026.

/s/ Cornelius M. Sweers
Cornelius M. Sweers

18290134